# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
    ROBERT A. SIEGEL
    AUCTION GALLERIES, INC.,

                  Plaintiff/Petitioner,

        - against -                                Index No. 652885/2024

    DROEGE COMPUTING SERVICES, INC.
    dba STAMP AUCTION NETWORK,

                  Defendant/Respondent.
-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
(Mandatory Case)
(Uniform Rule § 202.5-bb)

You have received this Notice because:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- <u>If you are represented by an attorney</u>:

  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- <u>If you are not represented by an attorney</u>:

  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The benefits of participating in e-filing include:

        - serving and filing your documents electronically

        - free access to view and print your e-filed documents

        - limiting your number of trips to the courthouse

        - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys
### (E-filing is Mandatory for Attorneys)

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: June 10, 2024

| | |
|---|---|
| Name | Gregory E. Galerio |
| Firm Name | Jaffe and Asher LLP |
| Address | 600 Third Avenue |
| | New York, NY 10016 |
| Phone | (212) 687-3000 |
| Email | GGALTERIO@Jaffeandasher.com |

To: DROEGE COMPUTING SERVICES, INC.
dba STAMP AUCTION NETWORK
20 West Colony Place, Suite 120
Durham, NC 27705

Case No.: 652885/2024

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ROBERT A. SIEGEL AUCTION GALLERIES, INC.,

Plaintiff,

-against-

DROEGE COMPUTING SERVICES, INC., dba STAMP AUCTION NETWORK,

Defendant.

Index No.

Date Purchased:

**SUMMONS**

The basis of the venue is plaintiff's principal place of business and designated by contract.

To: 20 West Colony Place, Suite 120
Durham, NC 27705

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney, at the address stated below, an answer to the attached complaint.

If this summons was personally served upon you in the State of New York, the answer must be served within twenty days after such service of summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

If you do not serve an answer to the attached complaint or otherwise appear within the applicable time limitation stated above, a judgment may be entered against you by default for the relief demanded in the complaint without further notice to you.

The action will be heard in the Supreme Court of the State of New York, in and for the COUNTY OF NEW YORK. This action is brought in the COUNTY OF NEW YORK because it

is the place of plaintiff's principal place of business, with an address at: 21 West 38th Street, New York, NY 10018-2246.

Dated: New York, New York
June 6, 2024

JAFFE & ASHER LLP

By: _____
Gregory E. Galterio
600 Third Avenue
New York, New York 10016
(212) 687-3000
*Attorneys for the Plaintiff,*
*ROBERT A. SIEGEL AUCTIN*
*GALLERIES, INC*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

ROBERT A. SIEGEL AUCTION GALLERIES, INC.,

        Plaintiff,                                    Index No.

  -against-

                                      **COMPLAINT**

DROEGE COMPUTING SERVICES, INC.
D/B/A STAMP AUCTION NETWORK,

        Defendants.

-----------------------------------------------------------------x

Plaintiff, ROBERT A. SIEGEL AUCTION GALLERIES, INC. ("RAS"), by its attorneys, Jaffe & Asher LLP, as and for its complaint against DROEGE COMPUTING SERVICES, INC. d/b/a STAMP AUCTION NETWORK ("Droege"), hereby alleges as follows:

### THE PARTIES

1.     At all relevant times hereinafter mentioned, plaintiff RAS was and is a corporation duly organized and existing under the laws of the state of New York with its principal place of business located in New York, NY.

2.     Upon information and belief, at all relevant times hereinafter mentioned, defendant Droege was and is a corporation organized and existing under the laws of the state of North Carolina with its principal place of business located in Durham, North Carolina.

### NATURE OF THE ACTION

3.     This is an action seeking monetary damages for breach of contract, unjust enrichment, trespass to chattel, and other relief arising out of Droege's unauthorized and

wrongful access to and use of RAS' computers and computer networks (collectively, the "Computer System"), including the unauthorized access, use, exploitation, replication, and misappropriation of RAS' proprietary images (the "Images") contained on the Computer System for the improper commercial benefit of Droege.

## FACTS COMMON TO ALL COUNTS

4. At all relevant times, RAS was and is engaged in the business of buying, selling, and auctioning rare stamps.

5. At all relevant times, RAS maintained and maintains a website to facilitate the conduct and operations of its business (the "Website").

6. At all relevant times, RAS maintains on its Computer System and Website a database of Images of rare stamps which are, or have previously been, offered for auction. The Images were made, collected, catalogued and curated by RAS at significant time and expense.

7. At all relevant times, RAS was and is the creator and owner of the Computer System and the Images.

8. Droege has never been licensed to use the Images at issue in this action for any purpose.

9. Droege has never been given permission to access or use the Computer System for any purpose.

10. RAS' Website contains express terms and conditions for the use of any of the services or content provided or contained therein, including use of the Images by third persons (the "Terms and Conditions").

11. Among other things, the Terms and Conditions provide: "PLEASE READ CAREFULLY: THESE TERMS ARE A BINDING AGREEMENT WITH YOU OR THE

2

ORGANIZATION THAT YOU REPRESENT FOR THE USE OF THE SERVICE. IF YOU DO NOT AGREE TO THESE TERMS YOU MAY NOT ACCESS OR USE THE SERVICE."

12. The Terms and Conditions further provide that: "This is a binding agreement. We are willing to provide the Service to you on the condition that you first accept these Terms and comply with all the obligations and standards they set. These Terms are a binding agreement between you and us. When you click through these terms (e.g. on the "I agree" or a similar button or check box), or when you otherwise access or use the services, you signify to us that you have read, understand and agree to be bound by the Terms, whether or not you are a registered user."

13. The Terms and Conditions further provide: "If you would like to use any content from the Service that isn't expressly permitted in these Terms, please contact us by writing to Robert A. Siegel Auction Galleries, Inc., Copyright Agent, 21 West 38th Street, New York, New York 10018 or email copyright@siegelauctions.com.. Authorization from Siegel is granted on a case-by-case basis, and the granting of permission by Siegel in one case or at one time does not confer authorization for any other case or time. Any copy of the content Siegel authorizes you to use must be retained unmodified and unobscured with all copyright and other proprietary notices and attribution as in the original."

14. The Terms and Conditions further expressly forbid the use of any services or content contained on the RAS website, including the Images, and provide for a $100 fee per year for each image used, as follows: "You may not sell, prepare derivative works based on or modify the content (including, without limitation, preparation of summaries of the content or "thumbnails" of any images therein), or reproduce, publicly display, publicly perform, distribute, or otherwise use the content in any way for any public or commercial purpose. You shall not use

3

or exploit our Service in any manner, except as expressly permitted. All rights not expressly granted to you are reserved by us. There are no implied licenses to the Service or its components. Individuals and companies that use Content in any form (including "scraped" data and files, or AI-generated text or images made from Content) for commercial purposes will be charged a fee of $100.00 per file (or entry) per year. This fee will be used as a basis for damages in any legal action taken by Siegel to enforce its rights."

15. Upon information and belief, in or about October of 2020, Droege began to access and use RAS' Website and Computer System improperly, and without authorization, to scrape, harvest, exploit, replicate and misappropriate the Images for its own commercial use and in competition against RAS.

16. Upon information and belief, Droege has misappropriated and used tens of thousands of Images obtained from the RAS Website and Computer System for its own commercial purposes.

17. Upon information and belief, the number of Images misappropriated by Droege exceeds 250,000.

18. Shortly after discovering Droege's actions, RAS demanded that Droege: (a) cease and desist from accessing and using RAS' Website and Computer System to scrape and harvest the Images for commercial use, and (b) compensate RAS for its use of the Images in accordance with the Terms and Conditions.

19. Despite due demand, Droege has failed and refused to cease and desist from its use of the Images.

20. Despite due demand, Droege has failed and refused to compensate RAS for its use of the Images in accordance with the Terms and Conditions.

4

21. Moreover, Droege's continued and continuing failure to cease and desist from its improper use and exploitation of the Images for its own commercial purposes following the lawful demand by RAS to cease and desist was wanton, reckless, and intentionally wrongful conduct warranting the imposition of punitive damages.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

22. RAS repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this complaint with the same force and effect as if set forth fully at length herein.

23. The Terms and Conditions set forth on RAS' Website constitute a valid and enforceable contract.

24. At all relevant times, Droege was fully aware of the Terms and Conditions.

25. Droege's accessing of RAS' Website with knowledge of the Terms and Conditions constituted acceptance of and consent to be bound thereby.

26. Droege's conduct complained of herein constitutes a breach of contract.

27. As a direct and proximate result of the aforesaid breach of contract, RAS has sustained damages in an amount to be determined at trial, but no less than $100 per Image per year for each Image taken and used by Droege.

28. By reason of the foregoing, RAS is entitled to judgment against Droege in an amount to be determined at trial, together with interest, costs and attorneys' fees, as well as an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment)

29. RAS repeats and realleges each and every allegation contained in paragraphs 1 through 28 of this complaint with the same force and effect as if set forth fully at length herein.

5

30. Droege has been unjustly enriched by virtue of its conduct as alleged above.

31. As a direct and proximate result of Droege's misappropriation and misuse of the Images, a benefit has been bestowed upon Droege.

32. It would be unjust and inequitable for Droege to retain the aforesaid benefit without paying fair and reasonable compensation to RAS.

33. By reason of the foregoing, RAS is entitled to judgment against Droege in an amount to be determined at trial, together with interest, costs and attorneys' fees, as well as an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Trespass to Chattel)

34. RAS repeats and realleges each and every allegation contained in paragraphs 1 through 33 of this complaint with the same force and effect as if set forth fully at length herein.

35. The Computer Systems that RAS uses to host its Website and store the Images is the personal property of RAS.

36. Without authorization, Droege has used, accessed, and intermeddled with, and continues to use, access and intermeddle with RAS' Computer System for Droege's own commercial benefit.

37. Despite due demand, Droege has willfully, intentionally, and maliciously continued its unauthorized access to RAS' computer systems.

38. Droege's conduct constitutes trespass to chattel with respect to RAS' Computer System.

39. As a direct and proximate result of the aforesaid breach of contract, RAS has sustained damages in an amount to be determined at trial, but no less than $100 per Image per year for each Image taken and used by Droege.

6

40. By reason of the foregoing, RAS is entitled to judgment against Droege in an amount to be determined at trial, together with interest, costs and attorneys' fees, as well as an award of punitive damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Permanent Injunction)

41. RAS repeats and realleges each and every allegation contained in paragraphs 1 through 40 of this complaint with the same force and effect as if set forth fully at length herein.

42. RAS has and will continue to suffer irreparable harm unless Droege is permanently enjoined and restrained from further acts of misappropriation of the Images or the Computer System.

43. RAS' injury is not fully compensable by way of monetary damages.

44. RAS has no adequate remedy of law.

45. By reason of the foregoing, the RAS is entitled to a judgment against Droege permanently enjoining and restraining Droege and/or any of its agents, employees, servants, or persons working in concert with it from using the Images or the Computer System without RAS' approval.

**WHEREFORE**, RAS demands judgment against Droege as follows:

(a) On the first cause of action, for judgment against Droege in an amount to be determined at trial, together with interest, costs and attorneys' fees as well as an award of punitive damages;

(b) On the second cause of action, for judgment against Droege in an amount to be determined at trial, together with interest, costs and attorneys' fees, as well as an award of punitive damages;

7

(c) On the third cause of action, for judgment against Droege in an amount to be determined at trial, together with interest, costs and attorneys' fees as well as an award of punitive damages;

(d) On the fourth cause of action, for a judgment against Droege permanently enjoining and restraining Droege and/or any of its agents, employees, servants, or persons working in concert with it from using the Images or the Computer System without RAS' approval; and

(e) For such other and further relief as the court deems just and equitable.

Dated: New York, New York
June 6, 2024

JAFFE & ASHER LLP

By: _____
Gregory E. Galterio
ggalterio@jaffeandasher.com
600 Third Avenue
New York, New York 10016
Tel: (212) 687-3000
Fax: (212) 687-9639
Attorneys for Plaintiff